**FILED**
DEC 17 2014
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Andre Williams,               )
                              )
　　Plaintiff,                 )
                              )
v.                            )     Civil Action No. 14-1731 (UNA)
                              )
Kem Thompson Frost,           )
                              )
　　Defendant.                 )

MEMORANDUM OPINION

Plaintiff, proceeding *pro se*, has filed an action styled "Complaint for Declaratory Judgment with Remedial Actions to Redress Injury," along with an application to proceed *in forma pauperis*. The Court will grant the application and dismiss the case for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring dismissal of an action "at any time" the Court determines that it lacks subject matter jurisdiction).

Plaintiff is a Texas state prisoner suing the Chief Justice of the Texas Fourteenth District Court of Appeals for alleged acts taken "as and for the 14th Court of Appeals, Houston, Texas." Compl., ECF p. 3. The prolix complaint is difficult to follow but plaintiff states that he "has spent 12 years suffering in prison as a result of a wrongful conviction and seeks only a full and fair appeal hearing to demonstrate his claim." *Id.*, ECF p. 17.

"[I]t is well-settled that a [person] seeking relief from his conviction or sentence may not bring [actions for injunctive and declaratory relief]." *Williams v. Hill*, 74 F.3d 1339, 1340 (D.C. Cir. 1996) (per curiam) (citations omitted). Rather, relief from a state court judgment must be pursued under 28 U.S.C. § 2254 in an appropriate federal court designated by 28 U.S.C. § 2241 (d). The latter provision provides no recourse for plaintiff in this Court. In addition, "[t]his

1

Court does not have jurisdiction to review the decision of a state supreme court." *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *cert. denied* 513 U.S. 1150 (1995) (following *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923)). Hence, this case will be dismissed. A separate Order accompanies this Memorandum Opinion.

Date:  December 12, 2014         United States District Judge